IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ARIEL ANN WISENER**<br><br>*Plaintiff,*<br><br>v.<br><br>**CARLOS ENRIQUEZ-TORRES and AV TRANSPORTATION, LLC**<br><br>*Defendant* | **Civil Action No.** _____<br><br>**JURY DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff Ariel Ann Wisener files her original complaint and respectfully shows the Court:

**Parties**

1. Plaintiff is a resident of McCurtain County, Oklahoma.

2. Defendant Carlos Enriquez-Torres is an individual resident of Mexico.

3. Defendant Carlos Enriquez-Torres' address is 2783 C Volcan Arenal, Paraje, Mexico 32575.

4. Under the Hague Service Convention, service of process may be obtained on Defendant Carlos Enriquez-Torres by serving this pleading and the summons, issued in the name of Carlos Enriquez-Torres, through international private process service.

5. Defendant AV Transportation, LLC is a limited liability company with a principal place of business at 117 Stephanie, Chaparral, New Mexico 88081.

6. Defendant AV Transportation, LLC may be served through its BOC-3 registered agent, Law Offices of John Sims, at 1205 Broadway Street, Lubbock, Texas 79401.

## Jurisdiction; Venue

7. This court has subject matter jurisdiction over this suit for damages because the damages sought are within the jurisdiction limits of the court.

8. Venue is proper in Northern District of Texas, Dallas Division.

9. Venue is proper in this District and Division under 28 U.S.C. § 1390 because the events and occurrences made the basis of this action occurred in whole or in part in Rockwall County, Texas.

10. Carlos Enriquez-Torres is subject to the personal jurisdiction of this Court.

11. AV Transportation, LLC is subject to the personal jurisdiction of this Court.

12. Complete diversity exists, as plaintiffs and defendants are citizens of different states and countries, and the amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000. This Court has jurisdiction over the parties to and the subject matter of this action under 28 U.S.C. § 1332.

## Conditions Precedent

13. All conditions precedent to recovery have been performed, waived, or have occurred.

## Facts

14. This lawsuit is based on a truck crash that occurred on March 17, 2022, on I-30 within the city limits of Rockwall, Rockwall County, Texas.

15. At all times relevant to this lawsuit, Defendant Carlos Enriquez-Torres was acting in the course and scope of his actual employment with AV Transportation or in furtherance of AV Transportation's business.

16. At all times relevant to this lawsuit, Defendant Carlos Enriquez-Torres was acting in the course and scope of his statutory employment with AV Transportation or in furtherance of AV Transportation's business.

17. At all times relevant to this lawsuit, Defendant Carlos Enriquez-Torres was acting in furtherance of AV Transportation's business.

18. On or about March 17, 2022, Plaintiff was travelling on I-30 and came to a stop behind stopped traffic ahead.

19. On the date of the crash, Defendant Carlos Enriquez-Torres, driving a commercial vehicle and hauling a large trailer.

20. On the date of the crash, Defendant Carlos Enriquez-Torres slammed into the back of Plaintiff's vehicle.

21. On the date of the crash, Defendant Carlos Enriquez-Torres caused property damage to Plaintiff's vehicle.

22. On the date of the crash, Defendant Carlos Enriquez-Torres caused injuries to Plaintiff.

23. Carlos Enriquez-Torres, at the time of the collision, failed to keep a proper lookout.

24. Carlos Enriquez-Torres, at the time of the collision, failed to control his speed.

25. Carlos Enriquez-Torres, at the time of the collision, was driving while distracted.

26. Carlos Enriquez-Torres, at the time of the collision, was driving at an excessive rate of speed.

## Causes of Action Regarding AV Transportation, Inc.

### A. Vicarious Liability

27. At the time of the collision, Mr. Enriquez-Torres was employed by Defendant AV Transportation, LLC.

28. At the time of the collision, Mr. Enriquez-Torres was a statutory employee of AV Transportation as a commercial motor vehicle driver.

29. At the time of the collision, Mr. Enriquez-Torres was under lease to AV Transportation as a commercial motor vehicle driver.

30. At the time of the collision, Mr. Enriquez-Torres was a professional truck driver.

31. At the time of the collision, Mr. Enriquez-Torres was pulling a trailer leased to AV Transportation.

32. At the time of the collision, Mr. Enriquez-Torres was driving a tractor leased to AV Transportation.

33. At the time of the collision, Mr. Enriquez-Torres was pulling a trailer owned by AV Transportation.

34. At the time of the collision, Mr. Enriquez-Torres was driving a tractor owned by AV Transportation.

35. At the time of the collision, Mr. Enriquez-Torres was acting within the course and scope of his employment with AV Transportation.

36. At the time of the collision, Mr. Enriquez-Torres was an agent of AV Transportation.

37. At the time of the collision, Mr. Enriquez-Torres was driving a tractor-trailer under dispatch for AV Transportation.

38. At the time of the collision, Mr. Enriquez-Torres was a permissive user of the tractor-trailer involved in the collision.

39. Under the principles of respondeat superior, actual agency, apparent agency, and/or lease liability, AV Transportation is vicariously liable and legally responsible for the negligent acts and omissions of Mr. Enriquez-Torres.

40. Because of imputed liability, AV Transportation is liable to plaintiff for all damages allowed under the law and as explained in the damages section below.

### B. Direct Liability

41. AV Transportation was negligent in at least these ways:

   (a) Failing to have or enforce policies and procedures to make sure tractors and trailers under its operating authority were properly inspected, maintained and repaired;

   (b) Failing to properly inspect, maintain and repair the tractor and/or trailer operating under its authority;

   (c) Violating common-law and statutory requirements for the hiring, training, and supervision of drivers;

  *(d)* Otherwise violating state laws and federal regulations governing trucking companies; and

  *(e)* Otherwise failing to act as a reasonably prudent company under the circumstances.

42. AV Transportation had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

43. AV Transportation negligently failed to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

44. The negligence of AV Transportation is a proximate cause of the collision.

45. The negligence of AV Transportation is a proximate cause of the injury and damages of Plaintiff.

46. The negligence of AV Transportation is a proximate cause of the collision which in turn caused the injury and damages of Plaintiff.

47. Because of its negligent conduct, AV Transportation is liable to plaintiff for all damages allowed under the law and as stated in this Complaint.

### Causes of Action Regarding Carlos Enriquez-Torres

48. At the time of the collision, Mr. Enriquez-Torres owed certain duties to members of the public, including the plaintiff.

49. Along with those instances of negligence set forth elsewhere in this Complaint, Mr. Enriquez-Torres was negligent in at least these specific ways:

  *(a)* Failing to maintain a proper lookout;

  *(b)* Driving too fast for conditions;

  *(c)* Failing to keep his vehicle under control;

  *(d)* Violating the basic rules of the road;

 *(e)* Driving his vehicle in reckless disregard for the safety of other people on the road;

 *(f)* Failing to exercise due care;

 *(g)* Failing to drive defensively;

 *(h)* Failing to follow safe driving principles expected of professional truck drivers with commercial driver's licenses;

 *(i)* Failing to run his tractor-trailer under generally accepted safety principles and practices of the trucking industry;

 *(j)* Failing to make sure the equipment on his tractor-trailer followed applicable laws and regulations;

 *(k)* Failing to run his tractor-trailer safely and prudently because of the conditions that existed during the collision; and

 *(l)* Otherwise failing to use that care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

50. At the time of the collision, Mr. Enriquez Torres was driving a commercial motor vehicle in interstate commerce.

51. At the time of the collision, Mr. Enriquez Torres was subject to the Federal Motor Carrier Safety Regulations.

52. Mr. Enriquez-Torres was negligent per se because he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of Texas.

53. Mr. Enriquez-Torres' negligent conduct proximately caused the collision.

54. As a direct and proximate cause of Mr. Enriquez-Torres' negligent conduct, Plaintiff sustained damages.

55. Because of Mr. Enriquez-Torres' negligent conduct, he is liable to plaintiff for all damages allowed under the law and as detailed in this Complaint.

## Damages

56.     The above-described acts, omissions, failures and conduct of Defendant have caused Wisener's damages which include, without limitation, all damages referenced in paragraphs 38 to 50 below

57.     Wisener has incurred reasonable expenses for necessary medical care in the past.

58.     Wisener's damages include reasonable expenses for necessary medical care in the future.

59.     Wisener's damages include lost wages in the past.

60.     Wisener's damages include lost earning capacity in the future.

61.     Wisener's damages include physical pain in the past.

62.     Wisener's damages include physical pain in the future.

63.     Wisener's damages include mental suffering in the past.

64.     Wisener's damages include mental suffering in the future.

65.     Wisener's damages include physical impairment in the past.

66.     Wisener's damages include physical impairment in the future.

67.     Wisener's damages include physical disfigurement in the past.

68.     Wisener's damages include physical disfigurement in the future.

69.     Wisener additionally seeks exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code.

## Jury Demand

Plaintiff demands a trial by jury.

## Prayer for Relief

Plaintiff prays for judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, and costs of court. Plaintiff further prays for such other relief to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Steven R. Samples*
Steven R. Samples
State Bar No. 24086348
Samples Ames
460 West Harwood Road
Hurst, Texas 76054
817-605-1505 telephone
855-605-1505 fax
docket@tex.law

COUNSEL FOR PLAINTIFF